IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEPHEN HAWK FRIES                                                                                            PLAINTIFF

v.                                          Civil No. 4:21-cv-04097

LIEUTENANT KAREN GHORMLEY                                                                          DEFENDANTS

## ORDER

Plaintiff, Stephen Hawk Fries, initially filed this 42 U.S.C. § 1983 action *pro se* on December 20, 2021 in the Eastern District of Arkansas. (ECF No. 2). The case was transferred to the Western District of Arkansas on the same day. (ECF No. 3). Plaintiff was granted Leave to Proceed *in forma pauperis* on December 21, 2021. (ECF No. 6). Plaintiff was then directed to submit an Amended Complaint. (ECF No. 8). He filed his Amended Complaint on December 29, 2021. (ECF No. 9). On July 8, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 21). Now before the Court, is Plaintiff's failure to comply with orders of the Court.

On October 3, 2022, the Court directed Plaintiff to respond to Defendant's Motion for Summary judgment by October 24, 2022. (ECF No. 25). In this Order, Plaintiff was advised that failure to respond could result in dismissal of this case. *Id.* Plaintiff failed to respond.

On October 26, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendant's Motion for Summary Judgement. (ECF No. 26). The deadline for response was set at November 16, 2022, and Plaintiff was again advised that failure to respond could subject this case to dismissal. *Id.* To date, Plaintiff has not filed a response to the Show Cause Order nor Defendant's Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey several orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this **5th day of December 2022**.

*s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE